## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR POZAR, Co-Administrator of | : | |
| the Estate of Juan Pozar-Felipe, Deceased | : | |
| 9828 VICTORIA AVENUE | : | CIVIL ACTION – LAW |
| SOUTH GATE, CALIFORNIA 90280 | : | |
| and | : | |
| JAIME POZAR, Co-Administrator of | : | |
| the Estate of Juan Pozar-Felipe, Deceased | : | |
| 2500 PINE AVENUE | : | |
| LONG BEACH, CALIFORNIA 90806 | : | |
| Plaintiffs | : | |
| v. | : | NO.: |
| | : | |
| STRATHMEYER LANDSCAPE DEVELOPMENT | : | |
| COMPANY | : | |
| 255 ZEIGLER ROAD | : | |
| DOVER, PENNSYLVANIA 17315 | : | |
| and | : | |
| CLS GROUP, INC. d/b/a STRATHMEYER LANDSCAPE | : | |
| 255 ZEIGLER ROAD | : | |
| DOVER, PENNSYLVANIA 17315 | : | |
| and | : | JURY TRIAL DEMANDED |
| SPAHR LAND COMPANY II, LLC | : | |
| 255 ZEIGLER ROAD | : | |
| DOVER, PENNSYLVANIA 17315 | : | |
| and | : | |
| THE STRATHMEYER COMPANIES | : | |
| 255 ZEIGLER ROAD | : | |
| DOVER, PENNSYLVANIA 17315 | : | |
| Defendants | : | |

## CIVIL ACTION – COMPLAINT

Plaintiffs Victor Pozar and Jaime Pozar, Co-Administrators of the Estate of Juan Pozar-Felipe, by and through their attorneys, Astor Weiss Kaplan and Mandel, LLP, hereby file this Complaint and seek monetary damages against Defendants Strathmeyer Landscape Development Company; CLS Group, Inc. d/b/a Strathmeyer Landscape; Spahr Land Company II, LLC; and The Strathmeyer Companies, jointly and/or severally, as follows:

1

## NATURE OF ACTION

1.     This is an action for money damages resulting from the September 19, 2015, death of Juan Pozar-Felipe, a migrant farm worker, as a result of the careless, negligent and/or reckless acts of the Defendants Strathmeyer Landscape Development Company; CLS Group, Inc. d/b/a Strathmeyer Landscape; Spahr Land Company II, LLC; and The Strathmeyer Companies jointly and/or severally, by and through their agents, servants, workmen and/or employees. This action is based upon the Defendants' violations of the Decedent's rights under the Migrant and Seasonal Agricultural Worker Protection Act (hereinafter "AWPA"), 29 U.S.C.A §§ 1801 *et seq*, State Breach of Contract Law and State Tort Laws.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C.A § 1331 based on federal question jurisdiction.

3.     The federal claims in this action are authorized and instituted pursuant to 29 U.S.C.A § 1854(a).

4.     This Court has supplemental jurisdiction pursuant to 28 U.S.C.A § 1367 over Plaintiffs' claims arising under state contract law because these claims are so related to the federal claims they form part of the same case and controversy.

5.     Venue is this Court is proper and appropriate in this District because all events giving rise to the Plaintiffs' claims occurred in York County, Pennsylvania, which is located in this District.

2

## THE PARTIES

6.    Plaintiffs Victor Pozar and Jaime Pozar, Co-Administrators of the Estate of Juan Pozar-Felipe, deceased, are adult individuals each residing in California. Plaintiffs are two of the adult children of Juan Pozar-Felipe.

7.    Juan Pozar-Felipe, deceased, (hereinafter "Decedent") is also survived by a wife, two minor children, and three other adult children.

8.    Plaintiffs were appointed Co-Administrators of the Estate of Decedent, Juan Pozar-Felipe on January 17, 2017, by the Register of Wills of York County, Pennsylvania.

9.    During his lifetime, Decedent was a citizen of Mexico who was a migrant agricultural worker working and/or living in migrant housing owned and/or operated and/or provided and/or controlled by Defendants herein in York County, Pennsylvania.

10.   Decedent primarily spoke, read, and wrote in Spanish.

11.   At all relevant times, Decedent was an individual who was employed in agricultural employment of a seasonal or other temporary nature, and who was required to be absent overnight from his permanent place of residence, that being in Mexico. See 29 U.S.C.S. § 1802.

12.   Defendant Strathmeyer Landscape Development Company is a registered fictious named entity with a principal place of business located at 255 Zeigler Road, P.O. Box 70, Dover, PA 17315.

13.   Defendant CLS Group, Inc. d/b/a Strathmeyer Landscape is a Pennsylvania business corporation with a principal place of business located at 255 Zeigler Road, P.O. Box 70, Dover, PA 17315.

14.   Defendant CLS Group, Inc. is the owner of Defendant Strathmeyer Landscape Development Company.

15.   Defendant Spahr Land Company II, LLC is a Pennsylvania limited liability company with a principal place of business located at 255 Zeigler Road, Dover, PA 17315.

16.   Defendant The Strathmeyer Companies is a company with a principal place of business located at 255 Zeigler Road, Dover, PA 17315.

17.   Defendant The Strathermeyer Companies advertises that it is a four company family and that "The Strathmeyer Companies continue a proud, 75-year family tradition of business and industry leadership in forestry, agriculture, landscaping, and agricultural retail." http://www.strathmeyer.com.

## FACTS

18.   At all relevant times, each Defendant was an agricultural employer who owned and/or operated a farm and/or nursery which "either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker." See 29 U.S.C.A. § 1802.

19.   Defendants are in the business of growing, harvesting and/or distributing Christmas trees.

20.   As defined in 29 U.S.C.A § 1802(5), Defendants permitted Decedent to work in their Christmas Tree businesses.

21.   All actions herein were undertaken by Defendants directly and/or by or through their agents, servants, workmen and/or employees who were each acting within the scope of their agency authority.

22.   At all relevant times, Decedent was engaged in agricultural employment under AWPA with Defendants.

23.   Upon information and belief, Decedent was offered work with Defendants while he was at home in Mexico.

24.   Upon information and belief, Defendants offered Decedent work on terms which conformed with prior agreements made during prior seasons when Decedent worked for Defendants.

25.   Upon information and belief, the terms of the work implicitly included, as a material term, a promise by Defendants to comply with all applicable federal and state labor protection standards, migrant agricultural worker protections.

26.   The working arrangements and contracts called for Decedent to migrate to York, Pennsylvania and to be absent from his place of permanent residence, Mexico, to work for Defendants.

27.   Upon information and belief, Decedent resided in Mexico at his permanent residence during the time when it was not Christmas tree season.

28.   As a result of Decedent being a migrant agricultural employee, Defendants located and secured housing for Decedent.

29.   Defendants secured housing located at the farm/nursery owned and operated by Defendants and where Decedent worked.  Namely, the address for the migrant housing was 255 Zeigler Road, Dover, PA 17315.

30.   Defendants controlled Decedent's housing at all relevant times.

31.   Defendants charged Decedent the sum of $75 per week for housing.

32.   Defendants intentionally provided housing to Decedent that did not comply with substantive or state law.

33.   The housing lacked proper first aid as required by both Federal and State law.

34.   The housing lacked "[a]dequate first aid facilities approved by a health authority shall be maintained and made available in every labor camp for the emergency treatment of injured persons." See 29 C.F.R. § 1910.142 and 7 Pa. Code § 82.16.

35.   Further, the housing lacked a designated person in charge and/or that person was not readily available or accessible at all times. See 29 C.F.R. § 1910.142 and 7 Pa. Code § 82.16.

36.   This housing was "barracks" style which meant many individuals who worked for Defendants lived in one area.

37.   This housing was not available to the public for rent.

38.   At approximately September 9, 2015 at 11:00 p.m., Decedent was at the housing secured and provided by Defendants.

39.   On that date and time, two other workers of Defendants (Pedro Felipe Nolazco and Cecilo Felipe Vincente) were drinking and heavily intoxicated at the housing.

40.   The two other workers began to fight.

41.   Defendants failed to have any security personnel and/or security system in place to stop the fight.

42.   Therefore, Decedent attempted to stop the fight.

43.   Decedent was pushed and hit his head on a pole.

44.   Decedent fell to the ground and began bleeding from the head.

45.   There was no first aid, as set forth above, that could be administered to Decedent.

46.     There was no designated person who was readily accessible to provide first aid to Decedent.

47.     As there was no first aid or designated person who was readily accessible, Decedent remained on the floor overnight.

48.     In the morning, Defendants finally had an agent, servant, workmen, and/or employee who was present at the location of the housing and who for the first time advised that they should call 911.

49.     Decedent was transported to the hospital by ambulance where he was admitted for Intracranial hemorrhage along with other injuries.

50.     Decedent underwent extensive treatment for his injuries which included, but is not limited too, a decompressive craniotomy.

51.     After approximately 10 days, Decedent finally succumbed to his injuries and died.

52.     As a direct and proximate cause of the carelessness, negligence and/or recklessness of Defendants, Decedent experienced substantial suffering and death and other damages as more fully set forth at length below.

## COUNT 1- MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

53.     Plaintiffs incorporate by reference paragraphs 1 through 52 as if same were fully set forth herein.

54.     At all relevant times, Decedent was a migrant agricultural worker within the meaning of AWPA, 29 U.S.C. § 1802(8)(A), and/or individuals entitled to AWPA migrant housing protections.

55.     At all relevant times, Defendants were agricultural employers under 29 U.S.C. § 1802(2).

7

56.    At all relevant times, Decedent was employed by the Defendants within the meaning of AWPA, 29 U.S.C. § 1802(5).

57.    Defendants intentionally violated Decedent's rights under AWPA by failing to ensure that the housing provided to Decedent complied with applicable substantive federal and state health and safety standards in violation of 29 U.S.C. § 1823(a).

58.    Defendants intentionally violated Decedent's rights under AWPA by failing to provide housing that met the substantive minimum health or safety standards specified under AWPA, its attendant regulations, or applicable state law, that included, a failure to comply with first aid requirements.

59.    As a direct consequence of the Defendants violations, Decedent suffered damages, including, but not limited to, death.

60.    For each violation of AWPA, Decedent's estate is entitled to recover its actual damages, or up to $500 per violation, per season, in statutory damages (whichever is greater) pursuant to 29 U.S.C.A § 1854(c)(1).

61.    As a direct and proximate cause of the carelessness, negligence and/or recklessness of Defendants, Decedent has in the past suffered significant pain, discomfort and death, all to his Estate's great detriment and loss.

62.    As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent has in the past incurred medical and rehabilitative expenses, all to his Estate's great detriment and loss.

63.    As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent has in the past experienced substantial pain and suffering, all to his Estate's great detriment and loss.

8

64.     As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent has in the past suffered embarrassment and humiliation, all to his Estate's great detriment and loss.

65.     As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent has experienced a loss of earnings and/or earning capacity, all to his Estate's great detriment and loss.

66.     As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent is prevented from attending to conducting his daily activities, all to all to his Estate's great detriment and loss.

67.     As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent suffered a loss of life's pleasures, all to all to his Estate's great detriment and loss.

**WHEREFORE**, Plaintiffs Victor Pozar and Jaime Pozar, Co-Administrators of the Estate of Juan Pozar-Felipe, Deceased, respectfully requests judgment in their favor and against Defendants Strathmeyer Landscape Development Company; CLS Group, Inc. d/b/a Strathmeyer Landscape; Spahr Land Company II, LLC; and The Strathmeyer Companies, jointly and/or severally in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus interest, costs, delay damages, punitive damages, and such other relief as the Court may deem proper.

## COUNT 2- BREACH OF CONTRACT

68.     Plaintiffs incorporate by reference paragraphs 1 through 67 as if same were fully set forth herein.

69.     Decedent was employed by Defendants pursuant to an employment contract.

9

70.   Plaintiffs are without sufficient information at this time to know whether said contract was oral or in writing. To the extent that the contract was in writing, Plaintiffs are not in possession of same whereas Defendants are believed to have same.

71.   Pursuant to the contract, Defendants offered Decedent and Decedent accepted employment as a migrant worker in Defendants agricultural business.

72.   Decedent entered into a contract with Defendants regarding agricultural work and housing.

73.   Decedent paid Defendants for the housing that Defendants provided to Decedent.

74.   An implied term of the contract between Defendants and Decedent was that the housing provided would meet the minimum substantive health or safety standards specified under AWPA, its attendant regulations, and applicable state law.

75.   Defendants breached the contract by failing to comply with the minimum substantive health or safety standards set forth above.

76.   At all relevant times, Decedent was ready to, and did in fact, comply with the terms of the contract between himself and Defendants.

77.   As a direct consequence of Defendants breach of the contract, Decedent suffered substantial injuries which resulted in death and other damages.

78.   As a direct consequence of Defendants breach of the contract, Decedent suffered expectancy, reliance (direct, incidental and consequential damages) and restitution damages.

**WHEREFORE**, Plaintiffs Victor Pozar and Jaime Pozar, Co-Administrators of the Estate of Juan Pozar-Felipe, Deceased, respectfully requests judgment in their favor and against Defendants Strathmeyer Landscape Development Company; CLS Group, Inc. d/b/a Strathmeyer

Landscape; Spahr Land Company II, LLC; and The Strathmeyer Companies jointly and/or

severally in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus interest,

costs, delay damages, punitive damages, and such other relief as the Court may deem proper.

## COUNT 3- NEGLIGENT HIRING, SUPERVISION
## AND RETENTION OF WORKERS

79.   Plaintiffs incorporate by reference paragraphs 1 through 78 as if same were fully set forth

herein.

80.   Defendants were required to hire, supervise and retain a designated person in charge

and/or a person who was readily available or accessible at all times.

81.   Defendants improperly screened and selected such designated person.

82.   Defendants improperly trained such designated person.

83.   Despite knowing that such designated person was not qualified for the job, Defendants

hired him/her.

84.   As a direct and proximate result of this decision to improperly hire such designated

person, Decedent was harmed and ultimately died.

85.   Defendants had a duty to protect Decedent from the harm caused by its agents, servants,

workmen and/or employees, and breached that duty, thereby harming Decedent.

86.   Defendants had a duty, given the nature of its business and its migrant employees, to only

hire those individuals that could competently and professionally provided the required

assistance at all applicable times.

87.   After Defendants hired said designated person, Defendants were further negligent in

retaining him/her as its employee.

88.   Defendants failed to exercise reasonable care in controlling its employees.

11

89.   As a direct and proximate result of the actions and/or inactions of Defendants in hiring and/or retaining said designated person, Decedent suffered direct and significant harm, including death.

**WHEREFORE**, Plaintiffs Victor Pozar and Jaime Pozar, Co-Administrators of the Estate of Juan Pozar-Felipe, Deceased respectfully requests judgment in their favor and against Defendants Strathmeyer Landscape Development Company; CLS Group, Inc. d/b/a Strathmeyer Landscape; Spahr Land Company II, LLC; and The Strathmeyer Companies jointly and/or severally in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus interest, costs, delay damages, punitive damages, and such other relief as the Court may deem proper.

## COUNT 4- NEGLIGENCE

90.   Plaintiffs incorporate by reference paragraphs 1 through 89 as if same were fully set forth herein.

91.   The carelessness, negligence and/or recklessness of Defendants consisted of, *inter alia*, the following:

   a.   failing to adequately supervise its employees while they are on Defendants' property;

   b.   allowing their employees to become heavily intoxicated on Defendants' property;

   c.   failing to have supervision when Defendants allowed its employees to drink heavily and/or become intoxicated while on its property;

   d.   failing to comply with all applicable health or safety standards;

   e.   failing to have the requisite first aid supplies; and

   f.   failing to have the requisite first aid personnel.

92.   Defendants breached the duty they owed to Decedent as set forth above.

93. As a direct and proximate cause of the carelessness, negligence and/or recklessness of Defendants, Decedent suffered significant pain, discomfort and death, all to his Estate's great detriment and loss.

94. As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent incurred medical and rehabilitative expenses, all to his Estate's great detriment and loss.

95. As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent experienced substantial pain and suffering, all to his Estate's great detriment and loss.

96. As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent suffered embarrassment and humiliation, all to his Estate's great detriment and loss.

97. As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent experienced a loss of earnings and/or earning capacity, all to his Estate's great detriment and loss.

98. As a direct and proximate result of the carelessness, negligence and/or recklessness of Defendants, Decedent suffered a loss of life's pleasures, all to all to his Estate's great detriment and loss.

**WHEREFORE**, Plaintiffs Victor Pozar and Jaime Pozar, Co-Administrators of the Estate of Juan Pozar-Felipe, Deceased, respectfully requests judgment in their favor and against Defendants Strathmeyer Landscape Development Company; CLS Group, Inc. d/b/a Strathmeyer Landscape; Spahr Land Company II, LLC; and The Strathmeyer Companies jointly and/or

severally in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus interest, costs, delay damages, punitive damages, and such other relief as the Court may deem proper.

## COUNT 5- NEGLIGENCE PER SE

99.   Plaintiffs incorporate by reference paragraphs 1 through 98 as if same were fully set forth herein.

100.  Defendants herein should be deemed to be negligent per se.

101.  Pennsylvania adopted the Seasonal Farm Labor Act for the expressed purpose "It is declared to be the intent of the Legislature by this act to improve the conditions of seasonal farm workers by establishing standards for their ... conditions of work, housing, sanitation, ... and safety...." 43 Pa.C.S.A § 1301.102.

102.  Decedent was a seasonal farm worker as he was an "individual employed in raising, cultivating, fertilizing, seeding, planting, pruning, harvesting, gathering, washing, sorting, weighing or handling, drying, packing, packaging, grading, storing or delivering to market . . . agricultural . . . on a seasonal or other temporary basis; . . . [and], includes any person residing in living quarters owned, leased or operated by an employer or a farm labor contractor and occupied by four or more unrelated persons." 43 Pa.C.S.A § 1301.103.

103.  The above reference Act applies to the conduct of the Defendants in that the Act specifically addresses Defendants obligations with respect to housing.

104.  As set forth above, Defendants failed to comply with the applicable Act and regulations with respect to first aid.

14

105.    Decedent died as a direct result of Defendants negligence per se.

**WHEREFORE**, Plaintiffs Victor Pozar and Jaime Pozar, Co-Administrators of the

Estate of Juan Pozar-Felipe, Deceased, respectfully requests judgment in their favor and against

Defendants Strathmeyer Landscape Development Company; CLS Group, Inc. d/b/a Strathmeyer

Landscape; Spahr Land Company II, LLC; and The Strathmeyer Companies jointly and/or

severally in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus interest,

costs, delay damages, punitive damages, and such other relief as the Court may deem proper.


                         **ASTOR WEISS KAPLAN & MANDEL, LLP**

                         BY:    _____
                                **DAVID L. WOLOSHIN, ESQUIRE**
                                **DINA S. RONSAYRO, ESQUIRE**
                                **JORDAN SCHLOSSBERG, ESQUIRE**
                                **Attorneys for Plaintiffs Victor Pozar and Jaime**
                                **Pozar, Co-Administrators of the Estate of Juan**
                                **Pozar-Felipe, Deceased**